UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

Docket No. 11-4123


UNITED STATES OF AMERICA
Appellee

v.

JAKARI LEE BARNETT
Defendant - Appellant


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BRIEF FOR APPELLANT


Dated: July 5, 2011



James S. Hewes
Attorney for Appellant
80 Exchange Street
P.O. Bo 151117
Portland, Me. 04112
(207) 773-4000

## TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . .i

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . ii

JURISDICTIONAL STATEMENT . . . . . . . . . . . . . iv

STATEMENT OF ISSUES PRESENTED FOR REVIEW. . . . . . .iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . v

STATEMENT OF THE FACTS . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . 5

ARGUMENT #1

The Appeal Waivers are not enforceable. . . . . . . .6

ARGUMENT #2

The Court erred when it gave Barnett a two
Level enhancement and denied him three points
For acceptance of responsibility for allegedly
obstructing justice . . . . . . . . . . . . . . . . .9

ARGUMENT #3

The double jeopardy clause is violated since
Barnett was punished twice for the same criminal
conduct in two different states. . . . . . . . . . .14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . 18

**TABLE OF AUTHORITIES**

CASES:

*Brown v. Ohio, 432 U.S. 161* (1977). . . . . . . . . . 16

*Ohio v. Johnson,* 467 U.S. 493 (1984) . . . . . . . . .16

*Stanley v. Hejirika,* 134 F.3d 629 (4th Cir.1998). . . 9

*United States v. Bowe*, 257 F.3d 336 (4th Cir.2001). . . 8

*United States v. Hall*, 551 F.3d 257 (4th Cir.2009). . .14

*United States v. Johnson*, 410 F.3d 137 (4th Cir. 2005). .8

*United States v. Mannigan,* 592 F.3d 621 (4th Cir.2010).9

*United States v. Marin*, 961 F.2d 493 (4th Cir.1992). .6

*United States v. McQueen,* 108 F.3d 64 (4th Cir.1996). . 7

*United States v. Poindexter*, 492 F.3d 263 (4th Cir.2007). 6

*United States v. Snow*, 234 F.3d 187 (4th Cir.2000). . 6

*United States v. United States Gypsum Co.*,
333 U.S. 364 (1948) . . . . . . . . . . . . . . . . 9

*United States v. Whorley,* 550 F.3d 326 (4th Cir.2008). 9

*United States v. Wood*, 378 F.3d 342 (4th Cir.2004). . . 7

FEDERAL STATUTES

18 U.S.C. §3742 . . . . . . . . . . . . . . . . . .iv

18 U.S.C. §3231 . . . . . . . . . . . . . . . . . . iv

18 U.S.C. §3553 . . . . . . . . . . . . . . . . . .4

21 U.S.C. §841(a)(1) . . . . . . . . . . . . . . .iv

21 U.S.C. §841(b)(1) . . . . . . . . . . . . . . .iv

ii

UNITED STATES SENTENCING GUIDELINES
Application Note 2 of U.S.S.G. §3C1.1 . . . . . . . .10

Application Note 6 of U.S.S.G. §3C1.1 . . . . . . . .11

RULES:
*Fed. R. Crim. P. 11* . . . . . . . . . . . . . . . . 8

Rule 4(b), Federal Rules of Appellate Procedure. . . iv

## JURISDICTIONAL STATEMENT

Subject matter jurisdiction existed in the District Court pursuant to 18 U.S.C. §3231 because Defendant-Appellant, Jakari Lee Barnett ("Barnett"), was charged with violating Title 21 U.S.C. §841(a)(1) and §841(b)(1)(B) distribution of cocaine base. Judgment was entered on January 28, 2011. Barnett timely filed a notice of appeal on January 31, 2011. (Joint Appendix page 78, hereinafter referred to as "JA", followed by the page number). This Court has jurisdiction pursuant to Rule 4(b), Federal Rules of Appellate Procedure and Title 18 U.S.C. 3742(a).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.   Whether the Appeal Waivers are enforceable.

II.  Whether the Court erred when it gave Barnett a two level enhancement and denied him three points for acceptance of responsibility for allegedly obstructing justice when neither the court nor probation officer reviewed the transcript that was the basis for the obstruction of justice.

III. Whether the double jeopardy clause is violated when Barnett was punished for the same criminal conduct in two different states.

iv

## STATEMENT OF THE CASE

This is an appeal of a sentence imposed in the United States District Court for the Northern District of West Virginia on 1/26/2011 (Bailey, J.). Barnett was charged by Indictment with three counts involving distribution of crack cocaine, which was filed with the court on 1/20/2010. (JA 6-9,108). Count one alleged that Barnett and his long time girlfriend, Tiffany Nicole Jones, conspired to distribute crack cocaine from January 2008 through April 2008. (*Id*.). Count two alleged that Barnett and Jones aided and abetted to distribute crack cocaine on April 10, 2008. (*Id*). Count three alleged that on April 16, 2008, Barnett and Jones aided and abetted to unlawfully distribute approximately 26.5 grams of crack cocaine in exchange for $1,000. (*Id*.).

On 9/15/2011 Barnett pled guilty to count three of the Indictment in exchange for the dismissal of counts one and two, which were ultimately dismissed at sentencing. (JA 68,109). A Second Revised Presentence report was prepared which contained objections by Barnett and no objections by the government. (JA 131). The sentencing hearing was held on 1/26/2011. Barnett faced a 10 year minimum mandatory sentence due to a prior felony drug conviction which the government filed in accordance to Title 21 USC 851. (JA 127). Barnett

was sentenced to 132 months and this appeal followed. (JA 63,78).

## STATEMENT OF THE FACTS

Count three of the Indictment, the only count in which Barnett was convicted, alleged Barnett aided and abetted to distribute crack cocaine with Jones. (JA 108). Originally Jones was a co-defendant, but her charges were eventually dismissed. (JA 124). On 4/10/08, a CI purchased 13.5 grams of crack cocaine for $500.00 at Barnett's residence. (JA 110-111). The drugs were contained in a shoe that Jones retrieved for the CI since Barnett was not at the residence. (*Id.)* On 4/16/08, a CI purchased 26.5 grams of crack cocaine from Barnett for $500.00 at a MacDonald's; the drugs were contained in a jacket that Barnett retrieved from the back of the car. (*Id.*).

Barnett, age 32, and Jones have been in a relationship for 15 years. (JA 124). They have three children together and were, at the time of Barnett's arrest, also raising Jones' three cousins. (*Id.*). While Barnett was incarcerated, Jones continued to raise all six children. (*Id.*). All the children attended school. (*Id.*). Barnett grew up in Hagerstown, Maryland and both of his parents have a history of substance abuse that includes alcohol and crack cocaine. (JA 123).

1

**Sentencing Hearing**

The first issue dealt with at the sentencing hearing was the two level enhancement recommended by the government and probation officer pursuant to par. 37 of the PSI. (JA 115). The probation officer captioned his analysis of the two level enhancement in the PSI as *Probation Officer's Independent Determination of the Facts*. (JA 113). Despite the modifier "independent", the probation officer conceded that he never read the Grand Jury transcripts that were the basis of the enhancement. (JA 113 par.28). The government asserted that Barnett testified untruthfully in an effort to exonerate Jones, hence he should be denied acceptance of responsibility and receive a two level enhancement. (JA 45-48, 113 par.26).

Barnett argued that the two level enhancement was not fair. (JA 51-53). In other states Barnett and Jones would be considered to be in a common law marriage, meaning Barnett could assert the marital privilege which would prevent Jones from testifying against him. (JA 51-53). Barnett himself stated he did not lie at the Grand Jury; he put the drugs in the shoe and later in the coat to prevent Jones from knowing about it. (JA 54). The court ruled in favor of the government. (JA 48).

On the issue of relevant conduct, Barnett argued that

since baking soda was mixed with the crack cocaine, the relevant conduct should be less. (JA 49). Barnett also objected to the large amount of relevant conduct attributed to him because the informant was a proven liar. (JA 54-55). The government conceded that the Maryland case and this case "probably overlapped". (JA 59). Barnett also objected to the high guideline range and stated that he must return home to care for his six children. (JA 55-56). In light of the stipulation of 768 grams of crack cocaine as relevant conduct contained in par.9 the Plea Agreement, the court ruled against the defense. (JA 49).

The Court announced its tentative findings that Barnett's a base offense level is 32 and with the two level enhancement it becomes a total offense level 34. (JA 51). With a criminal history category III, the guideline range is from 188 to 235 months. (JA 51). There were no legal objections to these findings. (*Id*.). The Court sentenced Barnett to 132 months and stated it's intent that the sentence run concurrent with the term of imprisonment that will be imposed in Maryland. (JA 63). The court recommended that Barnett participate in the 500 hour Residential Drug Treatment Program. (*Id*.). The court gave Barnett credit for time served since August 2, 2010. (*Id*.).

3

The Court explained that it reached its decision based on all the factors of 18 U.S.C. §3553. (JA 66-67). It stated that double jeopardy was not implicated because the substantive crime occurred in this state and not another state. (JA 66). Since the relevant conduct overlapped, the sentence will run concurrent with the Maryland sentence (*Id.*). The court stated that if, not for the obstruction enhancement, the sentence would have been the ten year minimum mandatory sentence. (*Id.*) The court reduced the sentence from the guideline range taking into consideration that it was Barnett's "significant other" he apparently tried to protect. (JA 67).

**SUMMARY OF THE ARGUMENTS**

I.    The Appeal Waivers are not enforceable.

II.   The Court erred when it gave Barnett a two level enhancement and denied him three points for acceptance of responsibility for allegedly obstructing justice when neither the Court nor probation officer reviewed the transcript that was the basis of the enhancement.

III.  The double jeopardy clause is violated since Barnett was punished twice for the same criminal conduct and same charges in two different states.

**ARGUMENT**

**I.    The Appeal Waivers are not enforceable.**

This Court reviews de novo the validity of a waiver of the right to appeal. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir.1992). This court reviews a claim that a party breached a plea agreement under a bifurcated standard, reviewing the district court's factual finding for clear error, while reviewing the district court' application of principles of contract interpretation de novo. *United States v. Snow*, 234 F.3d 187,189 (4th Cir.2000).

Par. 10 of the Plea Agreement states that Barnett waives his right to appeal:

> "..the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the matter in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18 USC 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under title 28 USC 2255 (habeas corpus). The United States does not waive its right to appeal..

JA 38

Barnett signed the Plea Agreement containing the above referenced appeal waivers. (JA 38-39). A defendant may waive his right to appeal if the waiver is knowing and intelligent. *United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir.2007). A plea agreement, however, is not simply a

6

contract between two parties. *United States v. Wood*, 378 F.3d 342, 348 (4th Cir.2004). Because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, our analysis of the plea agreement or breach thereof is conducted with greater scrutiny than in a commercial contract." *United States v. McQueen,* 108 F.3d 64,66 (4th Cir.1996). It necessarily implicates the integrity of the criminal justice system and requires the courts to exercise judicial authority in considering the plea agreement and in accepting or rejecting the plea. *United States v. Wood*, 378 F.3d 342, 348 (4th Cir.2004). Consequently, the Government is held to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements. (*Id.*) The Government's heightened responsibility extends beyond the plea negotiation to all matters relating to the plea agreement. (*Id.*).

The appeal waivers contained in par. 10, drafted by the government, are both broad and one sided. For example, the appeal waivers extend to all habeas corpus grounds, any grounds of 18 USC 3742, and the government is not subject to any appeal waivers. (JA 38). Despite this, generally if the

district court fully questions a defendant regarding the waiver of his right to appeal during the plea colloquy performed in accordance with *Fed. R. Crim. P. 11*, the waiver is both valid and enforceable. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). Barnett was questioned by the court about the appeal waivers at the Plea Colloquy. (JA 18-20).

However, a party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement. *United States v. Bowe*, 257 F.3d 336 (4th Cir.2001). Barnett asserts the appeal waivers are not enforceable because the government breached the plea agreement by pursuing the obstruction of justice charge and opposing Barnett receiving acceptance of responsibility in violation of the Plea Agreement. (JA 38).

In pars. 7A & 7B of the Plea Agreement, the government agreed to recommend a three level reduction and the lower end of the guideline so long as Barnett met certain conditions. (JA 37). The government refused to recommend acceptance of responsibility because it asserted that Barnett obstructed justice by being untruthful in testimony he gave at the 11/16/10 Grand Jury proceedings. As elaborated below in Barnett's second argument, the government failed to prove

8

Barnett was untruthful, the government should have recommended acceptance of responsibility and should not have sought an enhancement. The Court erred by denying Barnett acceptance of responsibility and giving him the enhancement. Barnett accepted responsibility by pleading guilty thereby permitting the government to avoid trial preparation and trial. The appeal waivers are not enforceable in this case.

**II. The Court erred when it gave Barnett a two level enhancement and denied Appellant three points for acceptance of responsibility for allegedly obstructing justice when neither the court nor probation officer reviewed Barnett's Grand Jury Testimony.**

The standard of review for a finding of fact is clear error. *United States v. Mannigan,* 592 F.3d 621 (4th Cir.2010). A reviewing court must ask whether, "on the entire evidence," it is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364,395 (1948). We have identified clear error when we have determined that, "without regard to what the actual facts may be, the findings under review ... are not supported by substantial evidence." *Stanley v. Hejirika,* 134 F.3d 629, 633 (4th Cir.1998) (internal quotation marks omitted); *see United States v. Whorley,* 550 F.3d 326, 338 (4th Cir.2008)

9

defining "substantial evidence" as "evidence that a reasonable finder of fact could accept as adequate and sufficient to support" the finding under review.

The Court found that Barnett obstructed justice based upon "the finding of the Probation Officer as well as the representations of the Assistant United States Attorney. (JA 48). Due to this finding, the Court added two points pursuant to USSG 3C1.1 and also denied him three points for acceptance of responsibility. (JA 51). Barnett lost five points because his offense level went from an offense level 29 (base offense level of 32 minus three points for acceptance of responsibility), to a total offense level of 34 by adding two levels for obstruction of justice. (JA 48, 51, 116). The guideline range for Barnett with an offense level of 29, is 108-135 months, and for offense level 34 rises to 188-135 months which is a huge disparity.

The government has the burden of proof that Barnett obstructed justice. The government failed to put on any witnesses or submit any other substantive evidence, but the Court ruled in its favor. Application Note 2 of U.S.S.G. §3C1.1 cautions as follows:

> In applying this provision with respect to alleged
> false testimony or statements by the defendant, the

court should be cognizant that inaccurate testimony or statements sometime may result from confusion, mistake, or faulty memory and thus not all inaccurate testimony or statement necessarily reflect a willful attempt to obstruct justice.

Application Note 6 of U.S.S.G. §3C1.1 defines material

evidence as:

Material evidence, fact statement, or information as used in this section, means evidence, fact statement or information that if believe would tend to influence or affect the issue under determination.

In making its decision, the Court opined that the standard of proof to obtain a Grand Jury Indictment is *probable cause*, but to prevail on a sentencing issue the government's burden government is *preponderance* of the evidence. (JA 48). The fact that Jones was indicted by the Grand Jury is a different issue as to whether Barnett was untruthful to the Grand Jury. However, the court treated the two burdens of proof as equivalent and ruled against Barnett and found the enhancement applied. (JA 48).

A significant problem with the Court's reliance upon the finding of the probation officer is that the probation officer did not review the Grand Jury Transcripts that were the basis of the alleged untruthful testimony and obstruction of justice. (JA 113 par. 28). Hence, the Court's two level enhancement finding was not based on

11

probation's actual review of Barnett's testimony to determine if he was untruthful. (*Id.*). The Court also did not review the Grand Jury Transcripts and made no statement that it did.

Barnett and Filmore were social friends who often wore each other's clothes, so it would not be unusual for Filmore to borrow Barnett's shoes (JA 44). In the second transaction, Barnett handed Filmore his jacket which contained drugs; this is also consistent with them sharing their clothes. (*Id.*). The evidence is all circumstantial, there is no direct proof of what Barnett knew of Jones' state of mind.

### Grand Jury Transcripts

A careful reading of the 11/16/08 Grand Jury Transcripts, reveals that Barnett should not have received a two level enhancement, but should have received acceptance of responsibility. The questions put to Barnett that support the enhancement concern what Barnett thought Ms. Jones was aware off; in short her state of mind. But, the dispositive testimony is what Barnett **observed and perceived** and not speculation about what Jones may have thought or believed.

12

When asked if Jones was aware of crack in the shoe, Barnett stated that Jones was not aware of the crack cocaine in he shoe. (JA 91). Barnett testified he did not tell Jones there were drugs in the shoe:

> I am not saying Tiffany sold Mr. Fillmore no shoe. There were drugs in the shoe. I didn't tell Tiffany about no drugs. Mr. Fillmore knew there were drugs in the shoe.

(JA 92)

If Barnett did not tell Jones about drugs in the shoe it was reasonable for Barnett to conclude Jones did not know about it. To attempt to have Barnett ascertain Jones' state of mind is simply speculation. Barnett testified about what he perceived and not speculated about Jones' state of mind.

The government wrongly assumed that Jones was selling something to Mr. Fillmore: "And on this first occasion Tiffany didn't know what she was selling to Mr. Fillmore?" (JA 94). Barnett simply answered what he knew remembered and perceived:

> "I didn't advise her of the drugs in the shoe. I just told Mr. Fillmore to ask her for he shoe because she know where the shoes was at...No I didn't tell her there was not drugs in the shoe. I just asked him to tell her to get him the shoe. Mr. Mr. Fillmore already knew that the drugs was in there. Me and him already talked about it.

JA 94

The government appeared to understand Barnett's position.

13

Q. "I am asking you what Tiffany did. And you don't
know what she did because you don't know whether she
looked into the shoe or discussed that with Mr.
Fillmore when he arrived do you?
A. No I don't.
JA 94-95

The government may disagree with, or be skeptical
about, Barnett's answers but it failed to prove the
obstruction enhancement by a preponderance of evidence.
Barnett's answers were based on his observations and do not
rise to the level of untruthfulness or obstruction of
justice. The Court ruled in favor of the government based
on the government's assertions, without any factual
findings or review of Barnett's Grand Jury testimony. It
was clear error for the Court to deny Barnett three points
for acceptance of responsibility and to give him a two
level enhancement.


**III. The Double Jeopardy clause was violated since Barnett
was punished twice for the same criminal conduct in two
different states.**

This court reviews de novo a preserved constitutional
claim. *United States v. Hall*, 551 F.3d 257, 266 (4th
Cir.2009). Barnett filed a Pro Se Motion for Review of
Double Jeopardy Clause and on 12/16/10 the government
issued its response in *United States' Response to*

14

*Defendant's Pro Se Motion for Review of Double Jeopardy Clause*. Barnett preserved the double jeopardy issue.

The Plea Agreement states that the criminal conduct in Count 3 of this case will be used as relevant conduct in his Maryland case:

> The parties further stipulate that the defendant's criminal conduct as charged in Count 3 of the above-indictment would constitute relevant conduct as to the Second Superseding Indictment No. CCB-09-0024, returned the District of Maryland.

JA 37

Barnett was convicted of count 3 which is the same conduct used as relevant conduct in the Maryland case. Barnett is being punished twice for the same conduct which constitutes double jeopardy.

The jurisdiction of the Federal District of West Virginia extends to crimes committed within District of West Virginia, not Maryland. Similarly, the jurisdiction of the Federal District of Maryland extends to crimes committed within the District of Maryland, not West Virginia. The Plea Agreement memorializes that Barnett will be punished in both districts of West Virginia and Maryland for the same West Virginia drug offense contained in Count 3.

The government conceded that there was an overlap

15

between Maryland and West Virginia: "I did agree with Mr. Garrett that our conspiracy and Maryland's conspiracy, as charged, probably overlapped..(JA 59). The government and Barnett stipulated that he would be held accountable for 768 grams of crack cocaine as relevant conduct. Much of the 768 grams of relevant conduct attributed to Barnett in this case was from Maryland. (JA 37,93,120,121).

The Double Jeopardy clause protects a criminal defendant from 3 distinct abuses: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after a conviction; and 3) multiple punishments for the same offense. *Ohio v. Johnson,* 467 U.S. 493, 497-98, (1984). The third abuse is applicable in this case.

The Fifth Amendment Double jeopardy guarantee serves principally as a restraint on courts and prosecutors. *Brown v. Ohio, 432 U.S. 161*, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Once the legislature has acted **courts may not impose more than one punishment for the same offense** and prosecutors ordinarily may not attempt to secure that punishment in more than one trial. (*Id.,* emphasis added).

In this case, Barnett was punished twice for the same offense in both Maryland and West Virginia. West Virginia

16

has the substantive charge in which he received 132 months. The relevant conduct stemmed from the same incident and same charges and increased Barnett's drug amount and sentence in Maryland; this is punishment. Barnett was punished in two states for the same conduct.

**CONCLUSION**

For all the aforesaid reasons, this Court should vacate the sentence and remand for a new sentence.

Dated: July 5, 2011

_____
James S. Hewes
Attorney for Appellant

80 Exchange Street
P.O. Box 15117
Portland, Maine 04112
(207) 773-4000

17

## CERTIFICATE OF COMPLIANCE

I certify that pursuant Fed.R.App.P.32(a)(7)(B) and (C) the aforementioned brief does not exceed 14,000 words; it contains 4,320 words.

/s/        _____
           James S. Hewes
           Attorney for Defendant
           Jhewes@Maine.rr.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

I hereby certify that on 7/5/11, I electronically filed the within Appellant's Brief and Appendix with the Clerk of Court using the CM/ECF system which will send notification of such filing to Thomas O. Mucklow, Esquire.

/s/        _____
           James S. Hewes
           Attorney for Defendant
           Jhewes@Maine.rr.com

18